UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PAUL LAURO,

                Plaintiff,                               21 Civ.

        v.                                       **COMPLAINT**

LONG ISLAND RAILROAD COMPANY,        JURY TRIAL REQUESTED

                Defendant.
-------------------------------------------------------------------X

Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the Defendant and alleges:

### THE PARTIES

1. The plaintiff is a resident of the State of New York, County of Suffolk, and City of Sayville.

2. The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court, with a usual place of business in New York.

3. Prior to and after April, 2019, and at all times hereinafter mentioned, the defendant employed the plaintiff as a Locomotive Engineer under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

4. Prior to and after April, 2019 and at all times hereinafter mentioned, the defendant maintained, operated and controlled various yards on Long Island and in New York City, New York which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

### JURISDICTION AND VENUE

5. The plaintiff brings the First Cause of Action against the defendant for violation of the Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA).

6. This Court has subject matter jurisdiction in this case pursuant to 45 U.S.C. §56.

7. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because defendant resides in this District and/or because defendant does business in this District.

## FACTS

8. At the time of the defendant's FELA violations, the plaintiff was employed by the defendant and qualified as an employee within the meaning of 45 U.S.C. § 51.

9. As part of his job as a locomotive engineer with defendant, plaintiff was required to operate locomotives with his right hand in a static, pronated position for extended periods of time.

10. Defendant also assigned plaintiff to perform tasks which required constant pressure on the un-cushioned operating controls with plaintiff's right hand.

11. Prior to plaintiff being diagnosed with any injury related to his operation of the locomotives, the defendant was aware of complaints and claims of right-hand injuries by other LIRR locomotive engineers as a result of their operating LIRR locomotives with their right hands in a static, pronated position for extended periods of time.

12. Prior to plaintiff being diagnosed with any injury related to his operation of the locomotives, the defendant was aware of the fact that LIRR locomotive engineers were required to operate its locomotives with their right hands in a static, pronated position for extended periods of time.

13. Prior to plaintiff being diagnosed with any injury related to his operation of the locomotives, the defendant was aware of the fact that medical providers were diagnosing injuries, including but not limited to carpal tunnel syndrome, to LIRR locomotive engineers as a result of their operating LIRR locomotives with their right hands in a static, pronated position for extended periods of time.

14. On or about April, 2019, the plaintiff noticed pain and discomfort in his right hand after operating a locomotive as set forth above as part of his employment with defendant.

15. After April 2019, for the first time, plaintiff learned that his pain and discomfort in his right hand was caused, in whole or in part, by the operation of defendant's locomotives.

16. Defendant's conduct, more specifically set forth below, caused, in whole or in part, the plaintiff to suffer various physical, psychological and economic harms.

17. Plaintiff's injuries include, but are not limited to, right Carpal Tunnel Syndrome.

## COUNT I
## Violation of FELA

18. The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

19. This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

20. On and before April, 2019, while the plaintiff, an employee of the defendant, was in the performance of his duties as a Locomotive Engineer throughout the Long Island Railroad system, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff:

   a. in failing to provide plaintiff with a reasonably safe place to work;

   b. in failing to perform ergonomic evaluations of plaintiff's work;

   c. in failing to take reasonable steps to lessen the risk of repetitive stress on hands/wrists;

   d. in assigning work to plaintiff requiring procedures that defendant knew or should have known unreasonably exposed plaintiff to ergonomic injury;

   e. in designing its locomotives without consideration for ergonomic risk factors;

   f. in failing to monitor the ergonomic effects of the assigned tasks on plaintiff's health;

    g. in failing to maintain plaintiff's work place; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, as set forth above.

21. The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

22. The plaintiff was damaged thereby in a sum in excess of $100,000.00.

WHEREFORE, plaintiff demands judgment against the defendant on Count I in a sum in excess of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS; together with the costs and disbursements of this action.

    Respectfully submitted

By: _____
MARC WIETZKE
FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com